Argued and submitted October 5, affirmed December 21, 1994

In the Matter of the Compensation of
Vena K. Mast, Claimant.

Vena K. MAST,
*Petitioner,*

*v.*

CARDINAL SERVICES, INC.,
and Liberty Northwest Insurance Corporation,
*Respondents.*

(92-04030; CA A82765)

887 P2d 814

James L. Edmunson argued the cause for petitioner. On the brief were Jon C. Correll and Malagon, Moore, Johnson, Jensen & Correll.

Alexander D. Libmann argued the cause and filed the brief for respondents.

Before Richardson, Chief Judge, and De Muniz and Leeson, Judges.

LEESON, J.

**LEESON, J.**

Claimant seeks review of an order of the Workers' Compensation Board. She assigns error to the Board's denial of permanent partial disability (PPD) for loss of strength and its failure to award a penalty under ORS 656.268(4)(g). We affirm and write only to address the Board's failure to assess a penalty.

Claimant developed bilateral carpal tunnel syndrome while working as a waitress. Her claim was accepted, and she underwent carpal tunnel release surgery on both wrists. Insurer closed her claim and awarded temporary total disability (TTD), but did not award PPD. Claimant filed a request for reconsideration, and the Department of Insurance and Finance[1] (DIF) awarded 10 percent PPD for each arm for loss of strength and pronation. DIF did not assess a penalty under ORS 656.268(4)(g). Both claimant and insurer requested a hearing. The Board reduced claimant's PPD award to two percent for each arm for loss of pronation. It did not assess a penalty under ORS 656.268(4)(g).

The issue before us is whether the Board erred by not assessing a penalty under ORS 656.268(4)(g) when it reduced the PPD award below the 20 percent minimum level. ORS 656.268(4)(g) provides:

"If, upon reconsideration of a claim closed by an insurer or self-insured employer, the department orders an increase by 25 percent or more of the amount of compensation to be paid to the worker for permanent disability and the worker is found upon reconsideration to be at least 20 percent permanently disabled, a penalty shall be assessed against the insurer or self-insured employer and paid to the worker in an amount equal to 25 percent of all compensation determined to be then due the claimant."

Claimant argues that DIF should have assessed a penalty, because, on reconsideration, it increased her PPD award by more than 25 percent from 0 percent to 20 percent, and that the Board should have assessed the penalty that DIF failed to assess. Claimant maintains that, because ORS 656.268(4)(g) provides that a penalty *shall* be assessed when

---

[1] The department has since been renamed the Department of Consumer and Business Services.

DIF increases the disability award above the threshold levels, it is of no consequence that the disability award is subsequently reduced. Insurer contends that, because the Board ultimately reduced claimant's award to two percent PPD per arm, which is less than the 20 percent threshold required by the statute, claimant is no longer entitled to a penalty.

Claimant is correct that DIF should have assessed a penalty. *See Nero v. City of Tualatin*, 127 Or App 458, 873 P2d 390, *rev den* 319 Or 273 (1994). However, we do not believe that the legislature intended that a penalty be sustained if the award on which it is based is subsequently reduced below the threshold levels. Both claimant and insurer were entitled to request a hearing regarding the department's reconsideration order awarding PPD. ORS 656.268(6)(b). The hearing and the Board's review of the disability award are conducted *de novo*. ORS 656.283(7); ORS 656.295(5). Because the assessment of a penalty under ORS 656.268(4)(g) is directly linked to the award of disability, we conclude that the penalty is also subject to review and modification consistent with the Board's action on the disability award. If DIF had assessed a penalty against insurer under ORS 656.268(4)(g), that penalty, as well as the award, would have been subject to review by the referee and the Board. Because the Board reduced claimant's PPD award below the level required for a penalty to be assessed under ORS 656.268(4)(g), she is not entitled to a penalty. Accordingly, the Board did not err.[2]

Affirmed.

---

[2] Insurer also maintains that only DIF is authorized to assess a penalty if the requirements of ORS 656.268(4)(g) are met and that neither the referee nor the Board may assess a penalty under that provision. We need not reach the issue of whether, or under what circumstances, the Board may assess a penalty under ORS 656.268(4)(g).